**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____  Chapter **11**

☐ Check if this an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **OSG Group Holdings, Inc.** |
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **82-1620311** |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| **775 Washington Avenue** <br> **Carlstadt, NJ 07072** <br> Number, Street, City, State & ZIP Code | |
| | P.O. Box, Number, Street, City, State & ZIP Code |
| **Bergen** <br> County | **Location of principal assets, if different from principal place of business** |
| | Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL)    **https://osgconnect.com/**

6. **Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | OSG Group Holdings, Inc. | Case number (*if known*) |
|---|---|---|
| | Name | |

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

5223

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☑ A plan is being filed with this petition.

☑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No.

☐ Yes.

| | District | When | Case number |
|---|---|---|---|
| | District | When | Case number |

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

☑ Yes.

| Debtor | **OSG Group Holdings, Inc.** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

List all cases. If more than 1, attach a separate list

| Debtor | **SEE ATTACHED RIDER 1** | Relationship | |
|---|---|---|---|
| District | | When | Case number, if known |

**11. Why is the case filed in this district?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors***

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☑ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets***

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☑ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities***

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☑ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

* The Debtors' estimated number of creditors, assets, and liabilities noted here are provided on a consolidated basis.

| Debtor | **OSG Group Holdings, Inc.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **08/06/2022**
MM / DD / YYYY

X _[signature]_

Signature of authorized representative of debtor

**Erik W. Ek**

Printed name

Title **President, Secretary and Treasurer**

**18. Signature of attorney**

X **/s/ Erin R. Fay**                 Date **08/06/2022**

Signature of attorney for debtor                 MM / DD / YYYY

**Erin R. Fay**

Printed name

**BAYARD, P.A.**

Firm name

**600 N. King Street**
**Suite 400**
**Wilmington, DE 19801**

Number, Street, City, State & ZIP Code

Contact phone **(302) 655-5000**     Email address **efay@bayardlaw.com**

**5268 DE**

Bar number and State

-and-

**Gregg M. Galardi**

Printed name

**ROPES & GRAY LLP**

Firm name

**1211 Avenue of the Americas**
**New York, NY 10036**

Number, Street, City, State & ZIP Code

Contact phone **(212) 596-9000**     Email address **gregg.galardi@ropesgray.com**

**2991 DE**

Bar number and State

**Rider 1**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities below (collectively, the "Debtors") filed a Petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of OSG Group Holdings, Inc.

- OSG Group Holdings, Inc.
- OSG Intermediate Holdings, Inc.
- OSG Holdings, Inc.
- Output Services Group, Inc.
- Globalex Corporation
- SouthData, Inc.
- DoublePositive Marketing Group, Inc.
- National Business Systems, Inc.
- NCP Solutions, LLC
- The Garfield Group, Inc.
- Mansell Group Holding Company
- Diamond Marketing Solutions Group, Inc.
- Applied Information Group, Inc.
- Microdynamics Corporation
- Mansell Group, Inc.
- National Data Services of Chicago, Inc.
- Microdynamics Group Nebraska, Inc.
- Microdynamics Transactional Mail, LLC
- JJT Enterprises, Inc.
- Words, Data and Images, LLC

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

In re:

      OSG Group Holdings, Inc.,

          Debtor.

Chapter 11

Case No. 22-[_____] ([____])

## CORPORATE OWNERSHIP STATEMENT

    Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Aquiline Financial Services Fund III, L.P. | 65.09% |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

In re:

      OSG Group Holdings, Inc.,

         Debtor.

Chapter 11

Case No. 22-[_____] ([____])

## LIST OF EQUITY HOLDERS

     The following is a list of debtor OSG Group Holdings, Inc.'s significant equity holders. This list has been prepared in accordance with Federal Rule of Bankruptcy Procedure 1007(a)(3) for filing in this chapter 11 case.

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Aquiline Financial Services Fund III, L.P. | 535 Madison Avenue New York, NY 10222 | 65.09% |
| Kevin Keleghan | Address on File | 5.22% |
| Scott W. Bernstein | Address on File | 4.67% |
| GoldPoint Mezzanine Partners IV, LP | 299 Park Avenue 37th Floor New York, NY 10171 | 4.06% |
| Ashok Vemuri | Address on File | 3.05% |
| Anish Rajparia | Address on File | 2.21% |
| Eric Ek | Address on File | 1.91% |
| Kent Herring | Address on File | 1.20% |
| Davinder S. Athwal | Address on File | 1.00% |
| Steve Karp | Address on File | 0.95% |
| Tim Galloway | Address on File | 0.95% |

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| GoldPoint Partners Select Manager Fund IV, L.P. | 299 Park Avenue<br>37th Floor<br>New York, NY 10171 | 0.65% |
| Phil Hoggarth | Address on File | 0.64% |
| Patrick O'Hara | Address on File | 0.64% |
| Eric Blassberg | Address on File | 0.64% |
| Ronald Whaley | Address on File | 0.61% |
| Tony Catalfano | Address on File | 0.60% |
| Mark Selland | Address on File | 0.55% |
| Ken Powell | Address on File | 0.53% |
| Gregory D. Waite | Address on File | 0.51% |
| Michael Corbera | Address on File | 0.40% |
| John Nuclo | Address on File | 0.35% |
| Mark Peterson | Address on File | 0.29% |
| Mark Satisky | Address on File | 0.27% |
| William Corbera | Address on File | 0.24% |
| Robert Guillocheau | Address on File | 0.20% |
| Amanda Blanc | Address on File | 0.20% |
| Jon Gustave | Address on File | 0.17% |
| GoldPoint Core Opportunities Fund, L.P. Series Interests of the SALI Multi-Series Fund, L.P. | 299 Park Avenue<br>37th Floor<br>New York, NY 10171 | 0.16% |
| David Jonas | Address on File | 0.16% |

2

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Christina McMInn | Address on File | 0.16% |
| Andrew Neal | Address on File | 0.16% |
| Chris Ingham | Address on File | 0.16% |
| Cara Walker | Address on File | 0.16% |
| Claire Watt | Address on File | 0.16% |
| Ed Donohue | Address on File | 0.12% |
| Guillaume Tirfoin | Address on File | 0.08% |
| Rob Harris | Address on File | 0.08% |
| Matt Moddelmog | Address on File | 0.08% |
| Eric Brown | Address on File | 0.06% |
| Sasan Hamidi | Address on File | 0.06% |
| Dawn Mellas | Address on File | 0.06% |
| Tim Burgham | Address on File | 0.06% |
| Michelle Griffey | Address on File | 0.06% |
| John Delaney | Address on File | 0.06% |
| James Gilbert | Address on File | 0.06% |
| Louis LaNeve | Address on File | 0.05% |
| Matt Oakes | Address on File | 0.05% |
| Dennis Dube | Address on File | 0.04% |
| Joni Perich | Address on File | 0.03% |

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Craig Keller | Address on File | 0.03% |
| Patrick Flanigan | Address on File | 0.03% |
| Dan Page | Address on File | 0.03% |
| Anne Gautam | Address on File | 0.03% |
| Andy Blundell | Address on File | 0.0000004% |
| Steve Rawlins | Address on File | 0.000001% |

**Fill in this information to identify the case:**

Debtor name  OSG Group Holdings, Inc., et. al.

United States Bankruptcy Court for the: _____  District of  Delaware
                                                                    (State)

Case number (If known):  _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders                    12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 1 | **UST Global Inc** 5, Polaris Way Aliso Viejo, CA 92656 | Attn: Contracts P: 949-716-8757 F: 949-716-8396 | Trade Payable | | | | **$2,006,346.30** |
| 2 | **Double Envelope Company** 7702 Plantation Rd Roanoke, VA 24019 | Msc 7599 Bsc Acquisition Sub LLC P: 540-362-3311 inquire@double-envelope.com | Trade Payable | | | | **$1,557,724.83** |
| 3 | **Domtar Paper Company, LLC** 14544 Collections Center Drive Chicago, IL 60693 | P: 803-802-7500 F: 877-877-4685 communications@domtar.com | Trade Payable | | | | **$1,446,674.17** |
| 4 | **Pitney Bowes Presort Services Inc** 3001 Summer St Stamford, CT 06926 | P: 203-356-5000 F: 905-619-7712 pbsoftware.sales@pb.com | Postage Provider | | | | **$1,098,729.33** |
| 5 | **Sylvamo Corporation** 6077 Primacy Parkway Memphis, TN 38119 | Attn: Matthew Barron, General Counsel P: 901-519-8000 Matthew.barron@sylvamo.com | Trade Payable | | | | **$973,886.62** |
| 6 | **Ricoh, USA Inc.** 70 Valley Stream Parkway Malvern, PA 19355 | Legal Department P: 410-713-5537 F: 302-947-4116 | Trade Payable | | | | **$728,305.30** |
| 7 | **Tension Envelope Corp** 819 E 19th St Kansas City, MO 64108 | P: 816-471-3800 F: 816-283-1498 | Trade Payable | | | | **$534,130.33** |
| 8 | **Cenveo Worldwide Limited** Rockwell Plant 3001 N Rockwell Chicago, IL 60618-7917 | P: 773-267-3600 F: 773-267-2440 | Trade Payable | | | | **$500,207.83** |

Debtor  OSG Group Holdings, Inc. et. al.                                    Case Number

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 **Stroock & Stroock Lavan LLP** 180 Maiden Lane New York, NY 10038-4982 | Attn: Denise Azrilen P: 212-806-5400 F: 212-806-6006 dazrilen@stroock.com | Professional services | Disputed | | | **$466,222.92** |
| 10 **Logicworks Systems Corporation** 155 Avenue of the Americas Fifth Floor New York, NY 10013 | Attn: Steve Zeller P: 212-625-5300 sales@logicworks.com; szeller@logicworks.net | Trade Payable | | | | **$465,769.06** |
| 11 **Divvypay, Inc** 13707 S 200 W Ste 100 Draper, UT 84020 | P: 855-229-3111 sales@getdivvy.com | Trade Payable | | | | **$455,260.48** |
| 12 **Zeta Interactive Corp** 185 Madison Avenue New York, NY 10016 | P: 212-967-5055 F: 202-683-2233 | Trade Payable | | | | **$440,945.00** |
| 13 **Canon Solutions America, Inc.** 12379 Collections Center Dr Chicago, IL 60693 | P: 844-443-4636 | Trade Payable | | | | **$384,463.01** |
| 14 **Randstad Sourceright** 32462 Collection Center Drive Chicago, IL 60693-0324 | P: 312-201-9690 | Trade Payable | | | | **$343,875.93** |
| 15 **Triad Media Solutions** 2 Hudson Place Floor 8 Hoboken, NJ 07030 | P: 201-499-7171 | Trade Payable | | | | **$327,092.00** |
| 16 **Mac Papers Envelope Converters, Inc.** 8370 Philips Hwy Jacksonville, FL 32256 | P: 800-334-7026 F: 904-733-9622 mpec@macpapers.com | Trade Payable | | | | **$301,322.01** |
| 17 **Midland Paper Company** 1140 Paysphere Circle Chicago, IL 60674 | P: 847-777-2416 sales@midlandco.com | Trade Payable | | | | **$290,935.24** |
| 18 **Black Knight Financial Services, Inc.** 601 Riverside Avenue Jacksonville, IL 32204 | P: 904-854-5100 AskBlackKnight@BKFS.com | Trade Payable | | | | **$284,287.26** |
| 19 **Response Envelope** 1340 S. Baker Ave. Ontario, CA 91761-7742 | P: 909-923-5855 F: 909-923-3639 | Trade Payable | | | | **$262,154.35** |
| 20 **American Printing & Publishing** 5844 S. 194th Street Kent, WA 98032 | P: 253-395-3349 | Trade Payable | | | | **$259,900.75** |
| 21 **Simon-Kucher & Partners LLC** One Boston Place, Suite 3301 Boston, MA 02108 | P: 617-231-4500 | Professional Services | | | | **$250,000.00** |

Debtor ___OSG Group Holdings, Inc. et. al._____    Case Number_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| 22 **Flexible Staffing Services** 870 E Oak St Lake in the Hills, IL 60156 | P: 847-960-1200 F: 847-960-1241 info@fssstaff.com | Trade Payable | | | | **$235,835.86** |
| 23 **Forest Envelope** 309 E Crossroads Pkwy Boilingbrook, IL 60440 | P: 630-515-1200 info@fenvgroup.com | Trade Payable | | | | **$228,553.36** |
| 24 **Block Graphics** 28401 Matthews Road Sun City, CA 92585 | P: 800-247-4471 | Trade Payable | | | | **$220,646.48** |
| 25 **Lewis Paper** 2300 Windsor Court, Unit B Addison, IL 60101-1491 | Credit Department P: 847-520-3386 | Trade Payable | | | | **$212,587.65** |
| 26 **Dixon Hughes Goodman LLP** 4350 Congress St Ste 900 Charlotte, NC 28209-4866 | P: 704-367-7020 | Professional Services | | | | **$205,018.67** |
| 27 **Xerox Corporation** 1920 W 1st St Winston Salem, NC 27104 | Joanna R. Mongillo P: 336-716-9633 F: 336-716-7201 joanna.mongillo@xerox.com | Trade Payable | | | | **$181,017.30** |
| 28 **Sealy Lakefront III LLC** 333 Texas St Suite 1050 Shreveport, LA 71101 | P: 214-692-9600 | Trade Payable | | | | **$171,817.77** |
| 29 **Red Ventures Education** 1423 Red Ventures Dr. Fort Mill, SC 29707 | P: 704-971-2300 | Trade Payable | | | | **$168,266.00** |
| 30 **St. Louis Print Group, LLC** 8530 Page Avenue Saint Louis, MO 63114 | P: 314-652-4110 info@stlprintgroup.com | Trade Payable | | | | **$168,116.24** |
| 31 **Xcel Staffing Solutions, LLC** 1541 S Waukegan Road Waukegan, IL 60085 | P: 847-261-2550 F: 224-656-5397 contact@thexcelgroup.com | Trade Payable | | | | **$163,300.81** |
| 32 **13th Floor Media, LLC** 265 South Federal Hwy Suite 237 Deerfield Beach, FL 33441 | P: 661-212-4473 | Trade Payable | | | | **$151,440.00** |
| 33 **Cinc Systems** 3055 Breckinridge Blvd. Ste 310 Duluth, GA 30096 | P: 678-205-1465 F: 678-205-1469 pat@cincsystems.com | Trade Payable | | | | **$150,662.27** |

Debtor _OSG Group Holdings, Inc. et. al._          Case Number_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 34 | **SalesLoft Inc** 1180 W Peachtree Street NW Suite 600 Atlanta, GA 30309 | P: 770-756-8022 | Trade Payable | | | | **$145,825.20** |
| 35 | **Integrated Print & Graphics** 645 Stevenson Rd South Elgin, IL 60177 | P: 847-695-6777 F: 847-741-4090 info@ipandginc.com | Trade Payable | | | | **$132,424.19** |
| 36 | **DMT Solutions Global Corporation** 37 Executive Drive Danbury, CT 06810 | P: 877-406-7704 justin.odonnell@bluecrestinc.com | Trade Payable | | | | **$122,388.40** |
| 37 | **Stag Industrial Holdings, LLC** One Federal St Boston, MA 02100 | P: 617-574-4777 InvestorRelations@stagindustrial.com | Trade Payable | | | | **$119,977.86** |
| 38 | **1099 Pro, Inc** 23901 Calabasas Road Suite 2080 Calabasas, CA 91302-4104 | P: 818-876-0200 F: 818-876-0202 support@1099pro.com | Trade Payable | | | | **$117,050.00** |
| 39 | **Bell and Howell, LLC** 3791 South Alston Ave Durham, NC 27713 | P: 866-335-7210 F: 888-806-0477 info@bhemail.com | Trade Payable | | | | **$115,806.22** |
| 40 | **Sycomp Tech** 950 Tower Lane, Suite 1785 Foster City, CA 94404 | P: 877-901-7416 | Trade Payable | | | | **$112,140.00** |
| 41 | **BDO USA LLP** 330 N Wabash Ave Suite 3200 Chicago, IL 60611 | P: 312-856-9100 F: 312-856-1379 | Professional Services | | | | **$111,532.00** |
| 42 | **Russell Reynolds Associates** 277 Park Ave Suite 3800 New York, NY 10172 | P: 212-351-2000 | Trade Payable | | | | **$106,735.60** |
| 43 | **CDW Computer Centers Inc.** 200 N Milwaukee Ave. Vernon Hills, IL 60061 | P: 866-782-4239 CustomerRelations@web.cdw.com | Trade Payable | | | | **$104,898.32** |
| 44 | **Education Dynamics-EDMC** 111 River Street, 10th Floor, Hoboken, NJ, 07030 | P: 201-377-3040 smitra@educationdynamics.com | Trade Payable | | | | **$103,258.00** |
| 45 | **Oracle America, Inc.** 500 Oracle Pkwy Redwood City, CA, 94065-1677 | P: 650-506-4000 | Trade Payable | | | | **$93,746.91** |
| 46 | **CBTS Technology Solutions** 1507 Solutions Center Chicago, IL, 60677-1005 | P: 888-783-2506 | Trade Payable | | | | **$91,506.51** |

Debtor  OSG Group Holdings, Inc. et. al.

Case Number

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 47 | **BlueCrest** 37 Executive Drive Danbury, CT, 06810 | P: 877-406-7704 justin.odonnell@bluecrestinc.com | Trade Payable | | | | $87,049.35 |
| 48 | **Opex Corporation** 305 Commerce Drive Moorestown, NJ, 08057 | P: 856-727 1100 | Trade Payable | | | | $86,558.10 |
| 49 | **The Mail Group** 1501 Morse Ave Elk Grove Village, IL, 60007 | P: 847-640-7776 | Trade Payable | | | | $76,835.85 |
| 50 | **Ventrix Advertising** Mailbox 4470 297 Kingsbury Grade Rd, #100, Stateline, NV, 89449 | P: 775-557-5123 info@ventrixadvertising.com | Trade Payable | | | | $75,270.00 |

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **OSG Group Holdings, Inc.** |
| United States Bankruptcy Court for the: | DISTRICT OF DELAWARE |
| Case number (if known) | _____ |

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☑ Other document that requires a declaration    Corporate Ownership Statement; List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   August 6, 2022          x _____
                                        Signature of individual signing on behalf of debtor

                                        **Erik W. Ek**
                                        Printed name

                                        **President, Secretary and Treasurer**
                                        Position or relationship to debtor

## SECRETARIAL  CERTIFICATE

The undersigned, Secretary of OSG Group Holdings, Inc., a Delaware corporation (the "Company"), hereby certifies as follows:

1.  I am the duly qualified and elected Secretary of the Company and, as such, am familiar with the facts herein certified, and I am duly authorized to certify same on behalf of the Company.

2.  Attached hereto as **Exhibit A** is a true and complete copy of the Resolutions of the Board of Directors (the "Board") of the Company, duly adopted at a properly convened meeting of the Board on August 6, 2022, by vote of the directors.

3.  Such resolutions have not been amended, altered, annulled, rescinded, or revoked, and are in full force and effect as of the date hereof. There exist no other subsequent resolutions of the Board relating to the matters set forth in the resolutions attached hereto.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the 6th day of August, 2022.

By: _____
Name:  Eric W. Ek
Title:  Corporate Secretary

## **EXHIBIT A**

**Resolutions**

**Omnibus Resolutions of the Boards of Directors,
Boards of Members, Boards of Managers, and Managing Members,
as Applicable, of OSG Group Holdings, Inc. and Certain of Its Subsidiaries**

Adopted August 5, 2022

On August 5, 2022, the members of the board of directors, board of members, board of managers, and managing members, as applicable (each, a "<u>Board</u>" and collectively, the "<u>Boards</u>") of each of the companies listed on **Schedule 1** attached hereto (each, a "<u>Company</u>" and collectively, the "<u>Companies</u>") held a meeting by way of video conference. The Boards adopted the following resolutions as of the date first written above, pursuant to the bylaws, operating agreement, limited liability company agreement, or other operating agreement, as applicable (each, an "<u>Operating Agreement</u>"), of each Company and the applicable laws of the jurisdiction in which such Company is organized, as resolutions adopted at a meeting of each Company's Board, duly called and constituted, pursuant to the applicable Operating Agreement of each such Company and the laws of the jurisdiction in which such Company is organized:

<u>Commencement and Prosecution of Bankruptcy Case</u>

**WHEREAS**, the Companies entered into that certain Restructuring Support Agreement, dated as of May 31, 2022 (together with each exhibit attached thereto and as may be amended, supplemented, or otherwise modified from time to time, the "<u>RSA</u>") with certain lenders under the Companies' first lien and second lien credit agreements (together, the "<u>Credit Agreements</u>"), and the Companies' majority equity holder (the "<u>Sponsor</u>");

**WHEREAS**, the RSA provides for certain waivers of defaults under the Credit Agreements (the "<u>1L and 2L Waivers</u>") and, absent the 1L and 2L Waivers, certain of the Companies would be in default under the Credit Agreements, and the Companies lenders would be entitled to exercise remedies;

**WHEREAS**, certain of the Companies have borrowed or guaranteed the payment of approximately $860 million of debt obligations pursuant to the Credit Agreements but do not have sufficient cash to settle such debt that subject to the 1L and 2L Waivers;

**WHEREAS**, the RSA requires, as a condition to the 1L and 2L Waivers, that the Companies commence solicitation to solicit votes on the proposed joint prepackaged Chapter 11 plan of reorganization pursuant to Chapter 11 of the Bankruptcy Code in the form presented to the Boards (the "<u>Plan</u>");

**WHEREAS**, in accordance with the terms of the RSA, the Companies commenced solicitation of the Plan on July 26, 2022;

**WHEREAS**, the RSA requires that the Companies commence bankruptcy proceedings under the provisions of chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>") to effectuate the Plan;

**WHEREAS**, the Boards have received, reviewed and considered the recommendations of the senior management of the Company and the Company's legal, financial, and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding to effectuate the Plan.

**NOW, THEREFORE, BE IT RESOLVED**, that, in the business judgment of the Board of OSG Group Holdings, Inc. (the "Group Holdings Board"), and based on the recommendation from the Companies' management and advisors, it is desirable and in the best interests of the Companies and the Companies' stakeholders, that a voluntary petition (the "Petition") be filed by each of the Companies in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") commencing cases (the "Bankruptcy Cases") under the provisions of chapter 11 of the Bankruptcy Code and that any further negotiation and documentation of the motions, pleadings, orders, or other documents to file and prosecute such Bankruptcy Cases be and are, in all respects, authorized, and approved;

**BE IT FURTHER RESOLVED**, that the Group Holdings Board hereby recommends to the Boards of the Companies other than the Group Holdings Board (the "Subsidiary Boards") that the Subsidiary Boards each approve the commencement of the Bankruptcy Cases and that any further negotiation and documentation of the motions, pleadings, orders, or other documents to file and prosecute such Bankruptcy Cases be and are, in all respects, authorized, and approved;

**BE IT FURTHER RESOLVED**, that, in the business judgment of the Subsidiary Boards, and based on the recommendation from the Companies' management and advisors, and based on the recommendation from the Group Holdings Board, it is desirable and in the best interests of the Companies and the Companies' stakeholders that a voluntary petition (the "Petition") be filed by each of the Companies in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") commencing cases (the "Bankruptcy Cases") under the provisions of chapter 11 of the Bankruptcy Code and that any further negotiation and documentation of the motions, pleadings, orders, or other documents to file and prosecute such Bankruptcy Cases be and are, in all respects, authorized, and approved;

**BE IT FURTHER RESOLVED**, that each duly appointed officer of each of the Companies (each, an "Authorized Person" and collectively, the "Authorized Persons"), be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of the applicable Company, to execute, acknowledge, deliver, and verify the applicable Petition and to cause the same to be filed with the Bankruptcy Court at such time as such Authorized Person may determine;

**BE IT FURTHER RESOLVED**, that each Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered on behalf of the applicable Company, to execute, acknowledge, deliver and verify, and file any and all petitions, schedules, statements of affairs, lists and other papers, as applicable, and to take any and all related actions that such Authorized Persons may deem necessary or proper in connection with the filing of the Petitions and commencement of the Bankruptcy Cases;

**BE IT FURTHER RESOLVED**, that the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, from time to time in

the name and on behalf of the applicable Company, to perform the obligations of the applicable Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Person performing or executing the same shall approve, and the performance or execution thereof by such Authorized Person shall be conclusive evidence of the approval thereof by such Authorized Person and by the applicable Company;

**BE IT FURTHER RESOLVED**, that the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered from time to time in the name and on behalf of the applicable Company, to cause the applicable Company to enter into, execute, deliver, certify, file, record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, to pay all expenses, including filing fees, and to take such other actions, as in the judgment of such Authorized Persons, shall be necessary, proper, and desirable to prosecute to a successful completion the Bankruptcy Cases and to effectuate the restructuring or liquidation of the applicable Company's debt, other obligations, organizational form and structure, and ownership of the applicable Company, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of these resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions;

<u>Retention of Professionals</u>

**BE IT FURTHER RESOLVED**, that the law firm of Ropes & Gray LLP ("<u>Ropes & Gray</u>") be, and hereby is, authorized, directed and empowered to represent each of the Companies as general bankruptcy counsel to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights, including the preparation of pleadings and filings in its Bankruptcy Cases; and in connection therewith, the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the applicable Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Cases, and to cause to be filed an appropriate application for authority to retain the services of Ropes & Gray;

**BE IT FURTHER RESOLVED**, that the law firm of Bayard, P.A. ("<u>Bayard</u>") be, and hereby is, authorized, directed, and empowered to represent the Companies as Delaware bankruptcy counsel to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights, including the preparation of pleadings and filings in its Bankruptcy Cases; and in connection therewith, the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the applicable Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Cases, and to cause to be filed an appropriate application for authority to retain the services of Bayard;

**BE IT FURTHER RESOLVED**, that FTI Consulting, Inc. ("FTI") be, and hereby is, authorized, directed, and empowered to serve as financial advisor to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations in connection with the Bankruptcy Cases; and in connection therewith, the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the applicable Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Cases, and to cause to be filed an appropriate motion or application for authority to retain the services of FTI;

**BE IT FURTHER RESOLVED**, that Evercore Group L.L.C. and Evercore Partners International LLP (together, "Evercore") be, and hereby is, authorized, directed and empowered to serve as investment banker to represent and assist the Companies in connection with the potential restructuring of the Companies' business and in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Companies' rights and obligations in connection with the Bankruptcy Cases; and in connection therewith, the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the applicable Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Cases, and to cause to be filed an appropriate application for authority to retain the services of Evercore;

**BE IT FURTHER RESOLVED**, that Stretto, Inc. ("Stretto") be, and hereby is, authorized, directed and empowered to serve as the notice, claims, solicitation and balloting agent in connection with the Bankruptcy Cases; and in connection therewith, the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the applicable Company to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Cases, and to cause to be filed an appropriate application for authority to retain the services of Stretto;

**BE IT FURTHER RESOLVED**, that the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the applicable Company to employ any other individual or firm as professionals, consultants, financial advisors, or investment bankers to the Companies as are deemed necessary to represent and assist the Companies in carrying out its duties under the Bankruptcy Code, and in connection therewith, the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the applicable Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Cases, and to cause to be filed an appropriate application for authority to retain the services of such firms;

Postpetition Financing

**BE IT FURTHER RESOLVED**, that the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the applicable Company, to:  (a) authorize, negotiate, execute, and deliver a

debtor in possession loan facility pursuant to that certain Junior Secured Debtor in Possession Term Loan Credit Agreement (as amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "<u>DIP Credit Agreement</u>;" capitalized terms used in this paragraph but not otherwise defined herein shall have the meanings ascribed to them in the DIP Credit Agreement), by and among OSG Group Holdings, Inc. as Holdings, Output Services Group, Inc. as Borrower, the guarantors party thereto from time to time, Wilmington Trust, National Association, as debtor in possession administrative agent (the "<u>DIP Agent</u>"), and the lenders party thereto from time to time (the "<u>DIP Lenders</u>"), in substantially the form provided to the Board; (b) negotiate, execute, and deliver guaranties of the foregoing facility by certain affiliates of the Company; (c) grant security interests in favor of the DIP Agent, for the benefit of the DIP Lenders, to secure the obligations under the DIP Credit Agreement and the other loan documents executed in connection therewith; (d) negotiate the use of the cash collateral of the Company's existing secured lenders and the form of adequate protection to be granted in connection with such use; and (e) authorize, negotiate, execute, and deliver the other Loan Documents (as defined in the DIP Credit Agreement) and such additional agreements, instruments, and documents as may be contemplated or required by the DIP Credit Agreement upon such other terms and conditions as such Authorized Persons executing the same may consider necessary, proper, or desirable, and to take such additional action and to execute and deliver each other agreement, instrument, or document to be executed and delivered, in the name and on behalf of the Company, including, but not limited to, the Security Agreement (as defined in the DIP Credit Agreement), all with such changes therein and additions thereto as any Authorized Person approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

<u>General Resolutions</u>

**BE IT FURTHER RESOLVED**, that all actions heretofore taken, and all agreements, instruments, reports, and documents executed, delivered or filed through the date hereof, by any Authorized Person of the Companies, as applicable, in, for and on behalf of the applicable Company, in connection with the matters described in or contemplated by the foregoing resolutions, are hereby approved, adopted, ratified, and confirmed in all respects as the acts and deeds of the Company as of the date such action or actions were taken;

**BE IT FURTHER RESOLVED**, that these resolutions of the Board shall be filed with the minutes of the proceedings of the Board.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>Schedule 1</u>

### The Companies

| | | | |
|---|---|---|---|
| 1. | OSG Group Holdings, Inc. | 2. | National Business Systems, Inc. |
| 3. | OSG Intermediate Holdings, Inc. | 4. | NCP Solutions, LLC |
| 5. | OSG Holdings, Inc. | 6. | The Garfield Group, Inc. |
| 7. | Output Services Group, Inc. | 8. | Mansell Group Holding Company |
| 9. | Globalex Corporation | 10. | Diamond Marketing Solutions Group, Inc. |
| 11. | SouthData, Inc. | 12. | Applied Information Group, Inc. |
| 13. | DoublePositive Marketing Group, Inc. | 14. | Microdynamics Corporation |
| 15. | Mansell Group, Inc. | 16. | Microdynamics Transactional Mail, LLC |
| 17. | National Data Services of Chicago, Inc. | 18. | JJT Enterprises, Inc. |
| 19. | Microdynamics Group Nebraska, Inc. | 20. | Words, Data and Images, LLC |